Commonwealth ex rel. Robinson, Appellant, *v.* Baldi.

Argued March 26, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert N. C. Nix,* for appellant.

*Armand Della Porta,* with him *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

On November 6, 1949, Cleo Robinson fired a shotgun at Lillie Mae Jones. Subsequently, he fired the gun at Michael Cohen and John Gabrick, police officers who were attempting to apprehend him. Fortunately, Robinson was a poor shot. He was thereafter indicted on three bills, Nos. 212, 213, and 214 of November Sessions 1949, each containing two counts. The captions on the back of the bills of indictment listed the charges as "1. Assault 2. Assault with intent to kill". After trial without jury, Robinson was found guilty on all three bills. He received a sentence of 3½ to 7 years on bill 212 and a similar sentence on bill 213, the sentences to run consecutively. Sentence was suspended on bill 214. This is an appeal from an order dismissing Robinson's petition for a writ of habeas corpus.

Bodily injury is one of the elements of the offense of *assault* with intent to kill, as defined by Section

710 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 P.S. 4710. Since the evidence failed to show that any injury was inflicted upon the persons toward whom the shotgun was fired, appellant contends that he is entitled to a discharge. It is important to note that the second count of each indictment is actually drawn in the language of Section 711 of the Code, 18 P.S. 4711, which defines *attempt* with intent to kill. This offense may be committed by shooting at a person with intent to murder although no bodily injury is effected.[1] The particular section on which the second count was based does not appear in the body of indictments, nor was this necessary: *Commonwealth v. Grant*, 121 Pa. Superior Ct. 399, 183 A. 663. An indictment is sufficient if it charges the crime substantially in the language of the act of assembly: Act of March 31, 1860, P. L. 427, §11, 19 P.S. 261; *Commonwealth v. Campbell*, 116 Pa. Superior Ct. 180, 176 A. 246.

Appellant concedes that the facts proven at the trial substantiate the offense actually charged in the body of the indictment. His sole contention is that the offense as designated on the back of the bill of indictment must be supported by the proof. Without condoning the improper endorsement, we have concluded that the question involved is ruled adversely to appellant's position by *Commonwealth ex rel. Wolcott v. Burke*, 173 Pa. Superior Ct. 473, 98 A. 2d 206. In that case relator contended that he had been indicted for breaking and entering, but had been convicted of a different offense, burglary, which was the offense actually charged in the body of the indictment.

---

[1] In the case at bar it was possible to complete the intended crime. See the article by Dr. Edwin R. Keedy entitled "Criminal Attempts at Common Law", University of Pennsylvania Law Review, Vol. 102, No. 4, February 1954.

President Judge RHODES said: "The designation of the offense as 'breaking and entering' on the back of the indictment is of no consequence. The caption is not part of an indictment". Since appellant's petition raised solely a question of law, it was properly disposed of without the taking of testimony: *Commonwealth ex rel. Perino v. Burke,* 175 Pa. Superior Ct. 291, 104 A. 2d 163.

The order of the court below dismissing the petition is affirmed.