Commonwealth *v.* Young, Appellant.

Argued November 11, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David Rudovsky,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Judith Dean,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 29, 1971:

Appellant Leon Young was convicted in a trial without a jury of assault and battery and attempt with intent to kill. Appellant's motions for arrest of judgment were denied. The Superior Court affirmed the judgment of sentence by a per curiam order, and this Court granted allocatur limited to reviewing the attempt with intent to kill conviction. Appellant contends that there was insufficient evidence adduced at trial to support this conviction. We agree with appellant and accordingly grant this motion for arrest of judgment.

In reviewing the sufficiency of the evidence to support a conviction we must review the entire record, viewing the evidence in the light most favorable to the Commonwealth. See, e.g., *Johnson Appeal,* 445 Pa. 270, 273, 284 A. 2d 780, 781 (1971); *Commonwealth v. Lawrence,* 428 Pa. 188, 189, 236 A. 2d 768, 769 (1968). We must determine whether a finder of fact could reasonably have found that all of the elements of the crime had been proven beyond a reasonable doubt.

The Commonwealth's case against the defendant rested on the following evidence: A Mrs. Payne testified that while she and her three sons were making

their way to a barber shop, she heard the defendant yell "Yo Yo".* Immediately after the word was uttered, a "gang of boys" appeared and chased Mrs. Payne's three sons. One of her sons was temporarily apprehended and struck with fists before finally reaching safety with the rest of the family in the barber shop.

The barber testified that while the Paynes were in the barber shop a "boy walked by the shop as if he were looking in to see if they were still in there." After an interval of forty-five minutes the three boys accompanied by their mother attempted to leave the barber shop but were again attacked. The barber testified that during the second attack two boys other than the appellant fired shots into the shop. The barber also testified that someone held a gun to Ronald Payne's head and "clicked the gun." Ronald, however, did not mention this incident during his testimony at trial, and stated that he had not seen any guns. All of the witnesses, both prosecution and defense, testified that they had not seen the defendant actually participate in any of the actual assaults. Defendant was arrested by the police after being pointed out by Ronald Payne who admitted at trial that he made a "snap judgement" [sic] on the basis of his having seen the appellant right before the first incident.

The statute defining an attempt with intent to kill, Act of June 24, 1939, P. L. 872, §711, 18 P.S. §4711, provides: "Whoever . . . shoots at any person, or, by drawing a trigger or in any other manner, attempts to discharge any kind of *loaded arms* at any person . . . *with intent to commit the crime of murder,* although no bodily injury is effected, is guilty of felony. . . ." (Emphasis added.) To sustain a conviction based on

---

* Appellant testified that in gang parlance the word might mean "come here."

this statute the Commonwealth must prove that an attempt with intent to kill actually occurred, and that the defendant participated in or encouraged the offense. *Commonwealth v. Pierce,* 437 Pa. 266, 263 A. 2d 350 (1970); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966).

Since we find the evidence insufficient to find the statutory offense of assault with intent to kill we need not consider whether appellant's utterance of the word "Yo Yo" made him a participant. The only evidence adduced at trial to support a finding that an assault with intent to kill actually took place was the testimony of the barber. He stated that a gun was held to the alleged victim's head and the trigger pulled. There is no evidence that the object was indeed a real gun, or that it was "loaded arms" as is required by the statute. The fact that the gun "clicked" when the trigger was pulled indicates that if the gun was real, it was unloaded. The barber's testimony is rebutted by the alleged victim who failed to recall such an incident and specifically testified that he did not see any firearms. The barber also testified that during the second attack two youths, neither of whom were the appellant, ran into the barber shop and fired shots. At best this evidence supports a finding that the shots were randomly fired and there is nothing in the record to indicate that they were shot "at any person . . . with intent to commit the crime of murder. . . ."

Accordingly, the motion in arrest of judgment is granted and the defendant is ordered discharged.

Mr. Justice JONES and Mr. Justice EAGEN concur in the result.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.