## Commonwealth *v.* Cross, Appellant.

Submitted September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Brian E. Appel,* and *Kleinbard, Bell & Brecker,* for appellant.

*Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

Appellant was convicted, following a non-jury trial on October 30, 1972, of unlawfully carrying a firearm and attempt with intent to kill, and was sentenced to one to five years imprisonment. In this appeal, appellant contends that the evidence presented by the Commonwealth was insufficient to convict appellant of attempt with intent to kill; specifically, appellant alleges that the Commonwealth did not demonstrate the necessary intent to commit murder.[1]

The pertinent testimony, as found by the trial judge, can be summarized as follows: The complainant, a Charles Sewell, testified that while he was parked on Vine Street, Philadelphia, and unobserved by him, appellant approached the vehicle and shouted, "This is for your brother." Mr. Sewell further testified that appellant thereupon pulled out a revolver and shot at

---

[1] Act of June 24, 1939, P.L. 872, §711 (18 P.S. §4711) provides in pertinent part: "Whoever . . . shoots at any person, or, by drawing a trigger or in any other manner, attempts to discharge any kind of loaded arms at any person . . . with intent to commit the crime of murder, although no bodily injury is effected, is guilty of felony, and shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment, by separate and solitary confinement at labor, not exceeding seven (7) years, or both."

him. The bullet penetrated the passenger side where Mr. Sewell was located, at approximately the middle of the door.[2] Mr. Sewell was not injured.

Appellant testified that he had known Mr. Sewell and his brother for approximately nine years and that several altercations had occurred between them, one of which in 1969 involved the pursuing of appellant by Mr. Sewell, who was wielding a gun. Appellant further testified that, because these incidents had placed him in an apprehensive and nervous state of mind requiring the use of tranquilizers, he decided to scare Mr. Sewell by discharging a firearm at Mr. Sewell's automobile. Appellant also testified that at no time did he intend to shoot at Mr. Sewell.

In the instant appeal, appellant contends that because testimony was not elicited from the witnesses showing whether the entry of the bullet into the automobile was directly in line with Mr. Sewell's stomach, the Commonwealth did not prove that appellant had shot "at" Mr. Sewell. Appellant also contends that the intent necessary to prove the charged crime was not evidenced because Mr. Sewell could not testify that he saw appellant point the weapon at him.

The offense of attempt with intent to kill is completed by the discharging of a firearm at a person with intent to kill, despite the fortuitous circumstances that no injury is suffered. *Commonwealth ex rel. Robinson v. Baldi,* 175 Pa. Superior Ct. 550, 106 A.2d 689 (1954). See also *Commonwealth v. Clopton,* 447 Pa. 1, 289 A.2d 455 (1972); *Commonwealth v. Young,* 446 Pa. 122, 285 A.2d 499 (1971). Moreover, the necessary element of intent may be inferred from the circumstances even though direct evidence thereof is lacking. *Cf. Com-*

---

[2] A photograph, Exhibit C-1, showed "a bullet hole in the driver's door, center of the door, three inches down from the top of the door." (NT 27)

*monwealth v. Reynolds,* 208 Pa. Superior Ct. 366, 222 A.2d 474 (1966) ; *Commonwealth v. DelMarmol,* 206 Pa. Superior Ct. 512, 214 A.2d 264 (1965).

After a review of the evidence presented in the light most favorable to the Commonwealth, *Commonwealth v. Young, supra,* we find the evidence is sufficient to establish the requisite intent to convict appellant of the charge of attempt with intent to kill. The evidence indicated a long standing feud between appellant, Mr. Sewell, and Mr. Sewell's brother. At the time of the actions at issue, appellant alerted Mr. Sewell to his intentions by calling out to him. This was followed, as noted by the trial judge, by a bullet fired by appellant which penetrated the outer panel of the automobile door at a height near the stomach of Mr. Sewell; if Mr. Sewell had not been protected by the automobile door, he could have received a serious, if not fatal, wound. From these facts, it was entirely proper, and supported by competent evidence for the fact finder to conclude that appellant did intend to kill as required under the statute, for his deliberately fired shot narrowly missed striking a vital part of his target. *Commonwealth ex rel. Robinson v. Baldi, supra.*

Judgment of sentence affirmed.