Commonwealth *v.* Mapp, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul Messing* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Anthony E. Jackson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., February 27, 1975:

Appellant was convicted, following a non-jury trial on September 6, 1973, of an attempt with intent to kill,[1] wantonly pointing a firearm,[2] and a violation of the Uniform Firearms Act.[3] In this appeal, appellant contends that the evidence presented by the Commonwealth was insufficient to convict appellant of an attempt with intent to kill; specifically, appellant alleges that the Commonwealth did not demonstrate the necessary intent to commit murder.

The pertinent testimony, as found by the trial judge, can be summarized as follows: The complainant, Jerry Little, testified that on the evening of September 18, 1972, the appellant entered Mr. Little's home. Mr. Little requested the appellant to leave the premises, and, after some discussion, he escorted appellant out of the house.

---

1. Act of June 24, 1939, P.L. 872, §711 (18 P.S. §4711) provides in pertinent part: "Whoever ... shoots at any person, or, by drawing a trigger or in any other manner, attempts to discharge any kind of loaded arms at any person ... with intent to commit the crime of murder, although no bodily injury is effected, is guilty of felony, and shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment, by separate and solitary confinement at labor, not exceeding seven (7) years, or both."

2. Act of June 24, 1939, P.L. 872, §716 (18 P.S. §4716).

3. Act of June 24, 1939, P.L. 872, §628; May 21, 1943, P.L. 306, §1; May 21, 1943, P.L. 485, §1; July 27, 1953, P.L. 627, §1; Aug. 4, 1961, P.L. 921, §1; Aug. 13, 1963, P.L. 660, No. 346, §1; July 30, 1968, P.L. 690, No. 228, §1 (18 P.S. §4628).

Mr. Little further testified that after escorting the appellant, he turned his back to appellant and started to walk away. He turned toward appellant when his daughter shouted a warning,[4] and observed the flash of a shiny pistol and heard the report of a shot as appellant fired directly at him. Mr. Little then fled and telephoned the police.

Approximately one hour later, a police officer answered a call directing him to go to the Little's residence to investigate a "male tampering with property." The officer, upon arriving at the Little's residence within two minutes of the call, found the appellant standing on the top step with his hand on the front doorknob of the Little's home. The officer frisked the appellant and found a loaded revolver in his belt. Appellant was handcuffed, and identified by Mr. Little as being the person who had participated in the incident immediately prior to the officer's appearance.

The offense of attempt with intent to kill is completed by the discharging of a firearm at a person with intent to kill, despite the fortuitous circumstance that no injury is suffered. *Commonwealth ex rel. Robinson v. Baldi*, 175 Pa. Superior Ct. 550, 106 A.2d 689 (1954). See also *Commonwealth v. Clopton*, 447 Pa. 1, 289 A.2d 455 (1972); *Commonwealth v. Cross*, 231 Pa. Superior Ct. 148, 331 A.2d 813 (1974). Moreover, the necessary element of intent may be inferred from the circumstances even though direct evidence thereof is lacking. *Cf. Commonwealth v. Reynolds*, 208 Pa. Superior Ct. 366, 222 A.2d 474 (1966); *Commonwealth v. DelMarmol*, 206 Pa. Superior Ct. 512, 214 A.2d 264 (1965).

After a review of the evidence presented in the light most favorable to the Commonwealth, *Commonwealth v.*

---

4. Mr. Little testified that his daughter had shouted, "Look out, daddy!" (NT 15) Defense counsel objected to this remark as constituting inadmissible hearsay. The objection was overruled and admitted as part of the res gestae.

*Young,* 446 Pa. 122, 285 A.2d 499 (1971), we find the evidence is sufficient to establish the requisite intent to convict appellant of the charge of attempt with intent to kill. The evidence indicated that the appellant and Mrs. Little had had a prior relationship, and upon following Mrs. Little to the Little's home on September 18, 1972, appellant pushed his way into the house. The evidence further indicated that, immediately prior to the shooting, Mr. Little was alerted by his daughter's warning. He then observed appellant holding a pistol and firing one shot directly at him. From these facts, it was entirely proper, and supported by competent evidence, for the fact finder to conclude that appellant possessed the requisite intention to kill.

Appellant also contends that the weapon taken from him by the police officer and introduced into evidence was not proven to be a real, operable, and loaded gun capable of being fired. However, the lower court, in its opinion, correctly resolved this issue by stating:

> "There was no proof of operability from the ballistician or otherwise, but the Court did in fact examine the weapon, drew an inference that the weapon examined by the court, which was taken from the defendant, was in fact operable."

This finding is supported by *Commonwealth v. Layton,* 452 Pa. 495, 498, 307 A.2d 843, 844 (1973), where the Supreme Court stated:

> "A reasonable fact finder may, of course, infer operability from an object which looks like, feels like, sounds like or is like, a firearm. Such an inference would be reasonable without direct proof of operability."

In the instant appeal, the inference of operability is further enhanced by the fact that Mr. Little testified that a gun was discharged by appellant, and that the weapon in question was later removed from appellant's person by the police.

Judgment of sentence affirmed.