604 A.2d 717

COMMONWEALTH of Pennsylvania

v.

**Daniel HOBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 1991.

Filed March 5, 1992.

32

John H. Moore, Erie, for appellant.

Kenneth A. Zak, Asst. Dist. Atty., Erie, for Com., appellee.

Before ROWLEY, President Judge, and TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This appeal is from the judgment of sentence of the Court of Common Pleas of Erie County. We affirm.

Appellant was charged with four counts each of criminal attempt (homicide),[1] robbery,[2] aggravated assault,[3] recklessly endangering another person,[4] and conspiracy.[5] He was also charged with one count of prohibited offensive weapons.[6] Prior to trial, three of the four counts of robbery were dismissed. Appellant was convicted of one count of criminal attempt (homicide), four counts of aggravated as-

1. 18 Pa.C.S.A. § 901.
2. *Id.* § 3701.
3. *Id.* § 2702.
4. *Id.* § 2705.
5. *Id.* § 903.
6. *Id.* § 908.

sault, four counts of recklessly endangering another person, and one count of prohibited offensive weapons. The convictions arose from an incident in which three college students were injured by gunshots fired at them as they were walking to a local tavern. One of the victims, Jeffrey Nagle, was shot in the back and seriously injured.[7] Appellant was the alleged gunman.

After trial, the lower court denied appellant's post-verdict motions, and sentenced him to an aggregate term of imprisonment of twenty-three to fifty-seven years. On his convictions of aggravated assault, appellant was sentenced to five to twenty years on one count, and to five to ten year terms on the other three counts. Each of these sentences was to run consecutively. On the criminal conspiracy conviction, appellant received a sentence of two to five years, and on the prohibited offensive weapons violation, appellant was sentenced to one to two years. These sentences were also to run consecutively. The remaining convictions were merged for sentencing purposes. Appellant's motion for reconsideration of sentence was denied, after which appellant filed the instant timely appeal, which raises the following issues:

1. Whether the evidence presented at trial was sufficient to establish the requisite intent necessary to prove the crime of attempted murder beyond a reasonable doubt?

2. Whether the trial court abused its discretion in sentencing appellant to a term of imprisonment of twenty-three to fifty-seven years, which is in excess of the guidelines of the Pennsylvania Commission on Sentencing?

3. Whether the trial court erred in its charge to the jury in defining the term "prohibitive offensive weapon" when that definition related to the jury certain definitions

7. Another student, who was with the three who were shot, was not injured in the incident.

which were not part of or contained in the information filed against appellant?

We shall address these claims in sequence.

■ Appellant contends that the evidence in the instant case does not establish beyond a reasonable doubt that he possessed the intent to kill Jeffrey Nagle, one of the victims of the shooting. Appellant asserts that such intent must be proved in order to establish the elements of the crime of attempted homicide. Appellant cites 18 Pa.C.S.A. § 901[8] and *Commonwealth v. Cross*, 231 Pa.Super. 148, 331 A.2d 813 (1974) in this regard. In *Cross*, the court noted that intent to kill is a necessary element of the crime of attempted murder which may be established by circumstantial evidence. *Id.*, 231 Pa.Superior Ct. at 150, 331 A.2d at 814.

■ A person may be convicted of attempted murder "if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act." *Commonwealth v. Ford*, 315 Pa.Super. 281, 292, 461 A.2d 1281, 1286 (1983). The intent which is a prerequisite to a finding of murder is "malice aforethought" or simply, malice. *Commonwealth v. Weinstein*, 499 Pa. 106, 451 A.2d 1344 (1982). Malice consists "either of a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, indicating unjustified disregard for the probability of death or great bodily harm." *Commonwealth v. Kersten*, 333 Pa.Super. 343, 352, 482 A.2d 600, 604 (1984) (*citing Commonwealth v. Matthews*, 480 Pa. 33, 389 A.2d 71 (1978); *Commonwealth v. Lawrence*, 428 Pa. 188, 236 A.2d 768 (1968)). A jury may properly infer an intent to kill from the use of a deadly weapon on a vital part of the victim's body. *Commonwealth v. Terry*, 513 Pa. 381, 521 A.2d 398 (1987), *cert. denied*, 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 685

8. Section 901, Criminal attempt, provides in pertinent part:
A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.
*Id.* § 901(a).

(1987); *Commonwealth v. Pronkoskie*, 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Sweger*, 351 Pa.Super. 188, 505 A.2d 331 (1986), *allocatur denied* 513 Pa. 634, 520 A.2d 1385 (1987).

In the instant case, there was evidence that a bullet was removed from the abdomen of victim Jeffrey Nagle during the surgery which he underwent after the shooting. Nagle's surgeon testified that if the bullet had not been removed by the surgical procedure, Nagle would have died. Nagle himself testified that he was shot in the back after two of his companions had each been shot in the leg. Nagle's companions also testified as to the shootings at trial, and to the fact that one of two black men who asked them for a dollar was carrying something in his hand described as a pipe and a piece of wood. Appellant's companion at the time of the shooting testified that appellant fired a sawed-off .22 rifle three times at three men who were walking past them towards an establishment called "The Shaggy Dog."

The evidence of Nagle's wounds, combined with the evidence of appellant's possession and firing of a rifle at the three men on the night in question, is substantial evidence that appellant used a deadly weapon upon a vital part of the victim's body. From these facts, the jury could have inferred an intent to kill. *Commonwealth v. Terry, supra.* Accordingly, there is no merit to appellant's contention that the evidence was insufficient to establish the requisite intent necessary to prove the crime of attempted murder.

Next, appellant contends that the trial court "erred and abused its discretion" in sentencing him to a term of imprisonment of twenty-three to fifty-seven years. He asserts, without explanation, that the sentence exceeds the guidelines of the Pennsylvania Commission on Sentencing. Appellant also argues that the sentence is manifestly excessive and that the lower court failed to give adequate consideration to the fact that he was only eighteen years old at the time of sentencing, and that his criminal history was limited to juvenile offenses.

36

■ Appellant's contention raises the discretionary aspects of his sentence.[9] Allowance of appeal based on the discretionary aspects of sentence may be granted at the discretion of the appellate court "where it appears that there is a substantial question that the sentence imposed is not appropriate ..." 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue constitutes a substantial question amenable to appellate review must be evaluated on a case-by-case basis. *Commonwealth v. House,* 371 Pa.Super. 23, 537 A.2d 361 (1988). This court will be inclined to allow an appeal "where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Losch,* 369 Pa.Super. 192, 201–02 n. 7, 535 A.2d 115, 119–20 n. 7 (1987).

■ We have held that certain types of allegations do not constitute substantial questions for purposes of allowance of appeal. One such allegation is that the sentence is excessive and that the trial court "failed to consider" or "did not adequately consider" certain allegedly mitigating factors. *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*). Another type of allegation which we have held does not constitute a substantial question is that the sentence exceeds the range specified in the sentencing guidelines, but fails to advise the appellate court of the applicable guideline range. *Commonwealth v. Ousley,* 392 Pa.Super. 549, 573 A.2d 599 (1990).

The allegations which appellant raises in his argument challenging the discretionary aspects of his sentence are of the above types. Appellant baldly asserts that his sentence exceeds the guidelines without specifying what he deems to

9. Appellant has not included in his brief a statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A. However, since appellee has not objected to the defect, we may waive this procedural error. *Commonwealth v. Smicklo,* 375 Pa.Super. 448, 544 A.2d 1005 (1988); *Commonwealth v. Billett,* 370 Pa.Super. 125, 535 A.2d 1182 (1988).

be the applicable guideline range. Appellant also contends that his sentence was manifestly excessive, and cites certain purportedly mitigating factors in this regard. Neither of these allegations states a substantial question for our review. Therefore, we could properly disallow the appeal.

However, even if appellant's contentions did state a substantial question, they would not entitle him to relief. Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *allocatur denied* 516 Pa. 632, 533 A.2d 91 (1987). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985); *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983). Where the court is in possession of a pre-sentence report, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information regarding a defendant's character along with mitigating statutory factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988).

Here, the transcript of the sentencing hearing reveals that the sentencing judge had the benefit of a pre-sentence report. Appellant has not challenged the pre-sentence report or the information contained therein in any way. Therefore, the presumption of *Devers* will stand. We conclude that there is no merit to appellant's contention that his sentence was excessive because the lower court allegedly failed to consider certain mitigating factors.

In addition, the sentence imposed by the lower court did not exceed the statutory limits for any of the crimes of which appellant was convicted. Aggravated assault of the type of which appellant was convicted is a felony of the first degree. 18 Pa.C.S.A. § 2702(b) (Purdon Supp.1991–

92). Such an offense is punishable by a term of imprisonment of not more than twenty years. *Id.* § 1103(1). Appellant was sentenced on three of the aggravated assault counts to a term of not more than ten years, and on the other aggravated assault conviction, the term was not to exceed twenty years. Appellant's sentence also included a term of two to five years for criminal conspiracy. Such offense is equivalent to a felony of the second degree, subject to a term of imprisonment of not more than ten years. *See id.* § 905(a); 1103(2). Finally, appellant was sentenced to a term of one to two years for his conviction involving prohibited offensive weapons. Such offense is a misdemeanor of the first degree, *id.* § 908(a), subject to a term of imprisonment of not more than five (5) years. *Id.* § 1104(1). It is clear that the sentence of the lower court did not exceed the statutory maximums.

■■■ The lower court has the discretion to impose consecutive sentences for multiple convictions. *Commonwealth v. Norris,* 248 Pa.Super. 330, 375 A.2d 122 (1977). There were multiple convictions in the instant case, and the lower court exercised its discretion to impose consecutive sentences for certain of those convictions, thus yielding a total term of imprisonment for appellant of twenty-three to fifty-seven years. Appellant has not demonstrated any way in which the lower court abused its discretion in sentencing.

Appellant's next contention is that the lower court's charge to the jury on the definition of prohibited offensive weapons was erroneous because it was contrary to the allegations contained in the information. Specifically, the information alleged:

> And the District Attorney further charges that on the day and year aforesaid in the said County of Erie and State of Pennsylvania the said Daniel Hobson did make repair sell or otherwise deal in, used or possessed any offensive weapon, to-wit: a .22 caliber rifle with a sawed off barrel of less than 16″ and a sawed off butt-stock, occurring at the 400 block of West 8th St., Erie, PA, thereby the said

Daniel Hobson did commit the crime of Prohibited Offensive Weapons, a misdemeanor of the first degree.

At trial, the court gave the following instruction:

In order to find Mr. Hobson guilty of [prohibitive offensive weapons], you must be satisfied that these elements occurred: First, that Mr. Hobson used or possessed a certain object, the rifle; and, second, that the rifle was an offensive weapon.

Now, an "offensive weapon" as defined in the law may be any firearm especially adapted for concealment or lawful purpose. You'll make the determination if the weapon is in fact an offensive one that is adapted for concealment, a firearm that is adapted for concealment, or one which can inflict serious bodily injury and serves no common lawful purpose.

N.T., January 9, 1991, at ——.

 A charge to the jury, if it varies from the elements contained in the information, will constitute a technical violation of Rule 229 of the Pennsylvania Rules of Criminal Procedure.[10] *Commonwealth v. Holcomb*, 508 Pa. 425, 498 A.2d 833 (1985) (plurality opinion), *cert. denied*, 475 U.S. 1150, 106 S.Ct. 1804, 90 L.Ed.2d 349 (1986). When the charge introduces new or different elements beyond those contained in the information, the variance is improper. *Id.*, 508 Pa. at 455, 498 A.2d at 848. However, even an improper variance will not be fatal to the conviction if it "did not substantially prejudice the appellant by making his prior defense strategy inapplicable to the charge he had to face under the additional erroneous instruction." *Id.*

 In the instant case, the charge to the jury on the prohibited offensive weapons offense did not "introduce

10. Rule 229 provides:
The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice. Pa.R.Crim.P., Rule 229, 42 Pa.C.S.A.

new or different elements beyond those contained in the information." The information stated that appellant possessed, used, repaired, sold, or otherwise dealt in "any offensive weapon," and specifically referred to a .22 caliber rifle with a sawed-off barrel and a sawed-off butt-stock. The trial judge reiterated in the charge that it was appellant's possession of or dealing in "the rifle," and the rifle's conformance to the definition of an offensive weapon which constituted the elements of the offense. One of the witnesses at trial testified specifically that he, the appellant, and others had stolen the .22 caliber rifle referred to in the information and the charge, and that it was this weapon which appellant had used on the date of the assaults of which he was convicted. The same witness testified that he and the others who had stolen the gun had sawed off its stock and barrel. He further indicated that the .22 rifle and another gun had been shortened in this manner so that he and his companions "could tote the guns around without them being noticed." N.T., January 9, 1991, at 104–06.

Appellant was charged with violating 18 Pa.C.S.A. § 908 by his possession and other dealing with the rifle specified in the information and charge. Section 908 provides:

*(a) Offense defined.*—A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon.

. . . . .

*(c) Definition.*—As used in this section "offensive weapon" means any bomb, grenade, machine gun, *sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge,* any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, *or other implement for the infliction of serious bodily injury which serves no common lawful purpose.*

*Id.* (emphasis added). The lower court explained that in developing its charge to the jury on the issue of prohibited

offensive weapons, it had fashioned the charge to "track the statute." 18 Pa.C.S.A. § 908, *supra*. The court explained that

> It is not the fact that a weapon that has a barrel that has been shortened—even to a length of less than 16 inches—that makes it a prohibited offensive weapon. What fulfills that requirement is that the weapon was specially adapted for concealment or that it serves no common lawful purpose.

Opinion of February 27, 1991, Fischer, J., at 4–5.

We agree. As a panel of this court stated in *Commonwealth v. Stewart*, 343 Pa.Super. 514, 495 A.2d 584 (1985),

> [D]ue to the offensive character of a sawed-off shotgun, the legislature intended such weapons to be prohibited under section 908, regardless of the length of the sawed-off barrel. When the barrel of a shotgun is sawed-off, the shotgun has been reshaped and *"specially adapted"* or altered for criminal purposes. 18 Pa.C.S. § 908(c) (emphasis added). This is precisely the type of weapon explicitly prohibited by section 908.

*Id.*, 343 Pa.Superior Ct. at 534, 495 A.2d at 594. The rifle in the instant case was similarly the type of weapon prohibited by section 908. The fact that the lower court did not specify in its charge to the jury the alleged length of the gun as stated in the information did not render the charge erroneous.

Judgment of sentence affirmed.