J-S73029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LEON JEROME MILLER | : | |
| Appellant | : | No. 817 MDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Adams County Criminal Division at No(s):
CP-01-CR-0000733-2016

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 08, 2018**

Appellant Leon Jerome Miller, appeals from the Judgment of Sentence imposed after he entered pleas of *nolo contendere* to one count of Person Not to Possess or Use a Firearm and three counts of Terroristic Threats.[1] Appellant challenges the discretionary aspects of his sentence and the effectiveness of plea counsel.  With this appeal, Appellant's counsel, Kristin L. Rice, Esquire, has filed a Petition to Withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

---

[1] 18 Pa.C.S § 6105(a)(1) and 18 Pa.C.S. § 2706(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

---

*   Retired Senior Judge assigned to the Superior Court.

On January 17, 2017, Appellant entered an open plea of *nolo contendere* to the above charges. The trial court ordered, and subsequently reviewed, a Pre-Sentence Investigation Report.

On April 18, 2017, the court sentenced Appellant to a standard range sentence of 42 to 84 months' incarceration for the Person not to Possess conviction and 12 months' probation for each of the Terroristic Threats convictions, to run concurrently with his term of incarceration.[3] On April 25, 2017, Appellant filed a Post-Sentence Motion for Reduction of Sentence in which he challenged the discretionary aspects of his sentence. The Court denied this Motion that same day.

On May 15, 2017, Appellant filed a Notice of Appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel has filed both an ***Anders*** brief and a Petition to Withdraw as Counsel. In her ***Anders*** brief, counsel raises two issues of arguable merit for this Court's review:

1. Whether the [c]ourt abused its discretion in declining to impose an aggregate sentence in the mitigated range?

---

[3] The court correctly computed Appellant's sentence using a Prior Record Score of 3 and an Offense Gravity Score of 10 as reflected in the Pre-Sentence Investigation Report. We note that the court's written Sentencing Order contains a typographical error indicating a Prior Record Score of 5. This typographical error does not reflect factors used by the court in calculating Appellant's actual sentence. ***See*** N.T., 4/17/17, at 2 ("At least on the [P]erson's not to [P]ossess [P]rior [R]ecord [S]core of three, OGS of 10. There's six adult arrests and five convictions from what I have here."). Appellant does not challenge this issue on appeal.

2. Whether [A]ppellant's plea of guilty was unknowingly entered due to ineffective assistance of counsel?

***Anders*** Brief at 6.

As Appellant's counsel has filed an ***Anders*** Brief, we must consider her request to withdraw prior to reviewing Appellant's claims on the merits. ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). Counsel has complied with the mandated procedure for withdrawing as counsel. ***See Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009) (articulating ***Anders*** requirements); ***Daniels, supra*** at 594 (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant has not filed a response.

Thus, we now have the responsibility to make a "full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Anders***, ***supra*** at 744; ***Commonwealth v. Vilsaint***, 893 A.2d 753, 755 (Pa. Super. 2006).

Appellant first challenges the discretionary aspects of his sentence by contending that the trial court abused its discretion in imposing a sentence above the mitigated range. ***See Anders*** Brief at 13.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in a Post-Sentence Motion to modify his sentence, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Thus, we proceed to address whether Appellant's sentencing challenge raises a substantial question for our review.

As to whether Appellant has presented a substantial question, we note:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

"A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing

Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Johnson, G.*, 873 A.2d 704, 708 (Pa. Super. 2005).

Appellant asserts that his sentence is excessive because he suffers from severe bipolar disorder and had based his possession of a firearm on the mistaken belief that he was legally allowed to possess one.[4] *Anders* Brief at 13. He contends the court should have considered these mitigating factors before imposing sentence.

Generally, a bald claim of excessiveness based on inadequate consideration of mitigating factors fails to raise a substantial question. *See*, *e.g.*, *Commonwealth v Austin*, 66 A.3d 798, 808 (Pa. Super. 2013). Additionally, we have held "[t]hat the court['s] refus[al] to weigh the proposed mitigating factors as Appellant wished, absent more, does not raise a substantial question." *Moury*, 992 A.2d 162, 175 (citations omitted).

Appellant's claim amounts to no more than a bald allegation that the court abused its discretion in failing to consider mitigating factors as he

---

[4] With respect to this assertion, Appellant claims that he legally possessed a weapon because he believed that his 1989 felony conviction for violation of the Controlled Substances Act had been reduced to a misdemeanor and that he had successfully passed a background check in 1995 related to an earlier weapon purchase. *See Anders* Brief at 10, 13.

wished. Pursuant to the above case law, he has failed to raise a substantial question.

In any event, a review of the record belies Appellant's claim. The sentencing court was fully aware of the mitigating circumstances and accounted for Appellant's condition in its Sentencing Order.[5] Moreover, the court had the benefit of a Pre-Sentence Investigation Report, and expressly noted that it considered "all of the information that has been made available . . . [and] does not find cause to mitigate from the standard guideline range." Sentencing Order, 4/18/17, at 2 (unpaginated). *See Commonwealth v. Hobson*, 604 A.2d 717, 721 (Pa. Super. 1991) (stating that, where a pre-sentence report exists, a claim that the sentencing court failed to give sufficient weight to certain mitigating factors does not raise a substantial question); *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (holding that where a pre-sentence investigation report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character, as well as any mitigating factors.)

In essence, Appellant is asking this Court to substitute its judgment for that of the sentencing court by reweighing these mitigating circumstances in

_____

[5] "The Department of Corrections is advised that [Appellant] has indicated there is bipolar diagnosis and appropriate treatment and consideration should be given by the Department of Corrections." Sentencing Order, 4/18/17, at 2-3 (unpaginated).

a light more favorable to him. We decline to do so. **See**, **e.g.**, **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa. Super. 1999), *appeal denied*, 790 A.2d 1013 (Pa. 2001) ("[W]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.") (citation omitted).

Next, Appellant challenges the effective assistance rendered by his plea counsel. We decline to review this challenge.

Litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the PCRA. **See Commonwealth v. Holmes**, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002)). However, the Pennsylvania Supreme Court has recognized two exceptions to the rule that ineffectiveness claims should be deferred until collateral review, both falling within the discretion of the trial court:

> First, we held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

- 7 -

***Commonwealth v. Arrington***, 86 A.3d 831, 856-57 (Pa. 2014).

Our review of the record indicates that neither of the exceptions outlined in ***Arrington*** is satisfied in the instant matter. Furthermore, we note that the trial court did not conduct a hearing on the merits of Appellant's ineffectiveness of counsel claim. In fact, the court expressly declined to address this issue, correctly noting that such a claim is properly raised on collateral review. Thus, we dismiss Appellant's claim of ineffective assistance of counsel without prejudice to raise it, along with any other post-conviction claim, in a timely petition filed pursuant to the Post Conviction Relief Act.

Our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We, therefore, affirm Appellant's Judgment of Sentence, and grant counsel's Petition to Withdraw.

Judgment of sentence affirmed. Counsel's petition for leave to withdraw is granted.

Judge Olson joins the memorandum.

Judge Strassburger concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2018

- 8 -