J-S36020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRIK GREEN | : | |
| | : | |
| Appellant | : | No. 1305 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009457-2016

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                              **FILED JANUARY 14, 2022**

Appellant, Tyrik Green, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for attempted murder, aggravated assault, robbery, criminal conspiracy, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possession of an instrument of crime.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  In August 2015, Appellant was in a romantic relationship with Fayana Graham.  Ms. Graham became acquainted with Vincent Burrell ("Victim") when she messaged him on Craigslist to sell old phones to him.  On August 11, 2015,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2702(a), 3701(a), 903(a), 6106(a), 6108, and 907, respectively.

- 1 -

Victim met with Ms. Graham with the understanding that he would purchase a phone from her cousin. Unbeknownst to Victim, Ms. Graham was engaged in a scheme with Appellant to rob Victim.

Ms. Graham directed Victim to drive to an alleyway in North Philadelphia where her cousin was supposed to meet them. While Victim and Ms. Graham were parked, a third cohort involved in the scheme approached the vehicle and entered the backseat. He pulled out a gun, put it to Victim's neck and said, "You know what this is." Immediately after, Appellant walked up to the driver's side window and held a gun to Victim's head through the open window. Appellant reached in the car and tried to take money out of Victim's pockets. The man in the backseat began shooting and Victim was struck in the neck. Victim began driving away and Appellant began to fire shots at Victim. Victim testified that the bullet fired by Appellant struck his upper shoulder. The bullet in the shoulder hit bone, causing Victim to lose full rotation of that shoulder for nine months. Ms. Graham was also shot in the left calf during the exchange

Following trial, a jury convicted Appellant of all charges on April 6, 2017. At the sentencing hearing held on June 26, 2017, Appellant's counsel requested an aggregate sentence of 10 to 20 years' incarceration. In support of this request, counsel cited mitigating factors such as Appellant's difficult upbringing, struggles with substance abuse and recent diagnosis of bipolar disorder and depression. In turn, the Commonwealth requested an aggregate sentence of 25 to 50 years' incarceration. The Commonwealth noted the

serious nature of Appellant's crimes, his prior record, and his history of misconduct while in state custody. After considering the relevant factors presented, the trial court sentenced Appellant to an aggregate sentence of 25 to 50 years of incarceration.

Appellant timely filed a post-sentence motion, which the court denied on September 28, 2017. On April 11, 2018, Appellant requested reinstatement of his appellate rights *nunc pro tunc*, which the court granted on February 13, 2020. Following the COVID-19 court closure, the court issued a second order reinstating Appellant's direct appeal rights *nunc pro tunc* on June 18, 2020. On June 29, 2020, Appellant timely filed a *nunc pro tunc* notice of appeal. On October 22, 2020, Appellant filed a voluntary Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Appellant raises the following issues for our review:

> Was the evidence insufficient to sustain the attempted murder conviction because the Commonwealth failed to prove that Appellant acted with specific intent to kill?

> Did the sentencing court commit an abuse of discretion by denying Appellant's motion for reconsideration of sentencing because the sentence was excessive under the circumstances and the court did not consider mitigating factors when deciding upon the sentence it imposed?

(Appellant's Brief at 4).

In his first issue on appeal, Appellant argues that Victim started to drive away before he fired his gun. Appellant avers that he only fired his gun to make Victim stop the car. Thus, Appellant maintains that "it is impossible to

ascertain, absent other evidence of his intent, whether [Appellant] was aiming at a vital part of the body or a non-vital part, if he was aiming at the body at all." (*Id.* at 24). Given this uncertainty, Appellant concludes that the Commonwealth failed to meet its burden of proving the specific intent required to sustain a conviction for attempted murder. We disagree.

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

The Crimes Code defines criminal attempt as follows:

### § 901. Criminal attempt

- 4 -

> **(a) Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901.

The Crimes Code defines first-degree murder as follows:

> **§ 2502. Murder**
>
> **(a) Murder of the first degree.**—A criminal homicide constitutes murder under the first degree when it is committed by an intentional killing.

18 Pa.C.S.A. § 2502(a). "A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing with the specific intent in mind to commit such an act." ***Commonwealth v. Dale***, 836 A.2d 150, 153 (Pa.Super. 2003) (quoting ***Commonwealth v. Hobson***, 604 A.2d 717, 719 (Pa.Super. 1992)). "Specific intent to kill can be established though circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body." ***Commonwealth v. Montalvo***, 598 Pa. 263, 274, 956 A.2d 926, 932 (2008), *cert denied*, 556 U.S. 1186, 129 S.Ct. 1989, 173 L.Ed.2d 1091 (2009). A gun is a deadly weapon. ***See Commonwealth v. Bond***, 539 Pa. 299, 305, 652 A.2d 308, 311 (2003). Further, the neck and head are vital parts of the body. ***Montalvo, supra***. ***See also Commonwealth v. Mattison***, 623 Pa. 174, 185, 82 A.3d 386, 392 (2013).

"Also, we are cognizant that the period of reflection required for premeditation to establish the specific intent to kill 'may be very brief; in fact the design to kill can be formulated in a fraction of a second. Premeditation

and deliberation exist whenever the assailant possesses the conscious purpose to bring about death.'" ***Commonwealth v. Rivera***, 603 Pa. 340, 355, 983 A.2d 1211, 1220 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010) (quoting ***Commonwealth v. Drumheller***, 570 Pa. 117, 146, 808 A.2d 893, 910 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003)).

Instantly, Appellant held a gun up to Victim's head while standing right outside of the driver's side window. Both Victim and Ms. Graham testified that Appellant fired his gun into the car. Although Victim started to drive away, Appellant began to fire immediately and was still in close range when he fired his gun. Thus, Appellant fired shots with a deadly weapon at Victim's head and neck area (vital parts of the body) at close range, ultimately hitting Victim on the shoulder. Viewed in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth presented sufficient evidence to sustain Appellant's conviction for attempted murder. ***See Hansley, supra***.

In his second issue on appeal, Appellant argues that imposing a consecutive sentence with a maximum of 50 years' imprisonment essentially ensures that Appellant will spend the rest of his life in prison. Appellant contends that the sentence imposed conflicts with the requirements that a sentence be consistent with the need to protect the public, the gravity of the offenses as it relates to the impact on the life of the victim and on the community, and the rehabilitate needs of the offender. Appellant insists that the sentence imposed "discounts the possibility of rehabilitation and

effectively removes Appellant from society for most of his potential life, thereby precluding the possibility of his ever becoming a contributing member of society." (Appellant's Brief at 44). Appellant further avers that the sentencing court did not properly consider mitigating factors when imposing the sentence and focused only on the seriousness of the crime and the need to protect the public. Thus, Appellant concludes that the sentence imposed is "manifestly excessive with regard to the circumstances and must be overturned as clearly unreasonable." (*Id.* at 52). We disagree.

As presented, Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the

Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Additionally,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted).

Further,

> "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted).

> However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa.Super. 2014) (citing [*Commonwealth v. Dodge*, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009)]). In *Commonwealth v. Dodge*, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. *Dodge, supra* at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014) (quoting ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa.Super. 2005)).

***Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa.Super. 2015).

Nevertheless:

[A bald] allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa.Super. 2003). ***Accord Commonwealth v. Wellor***, 731 A.2d 152, 155 (Pa.Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). ***Compare Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Where the sentencing court had the benefit of a [pre-sentence investigation ("PSI") report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding

defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, Appellant preserved his sentencing claims in a post-sentence motion and filed a timely *nunc pro tunc* notice of appeal. Appellant also included the requisite Rule 2119(f) statement. To the extent that Appellant's claim of an excessive sentence, in conjunction with his assertion that the court failed to consider mitigating factors, raises a substantial question (*see Caldwell, supra*; *Raven, supra*), we will address the appeal on the merits.

We observe that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Here, Appellant's sentencing claims do not warrant relief. The court did not impose all sentences consecutively and did not impose any sentences beyond the standard range. As well, the court explained that the serious nature of Appellant's crimes warranted some consecutive sentences in this

case. The court also noted that Appellant has prior criminal convictions and committed assault and other violations while in state custody.

The record further belies Appellant's claim that the court did not adequately consider his background, struggles with substance abuse and mental health. The court had the benefit of a PSI report in this case, which included Appellant's personal history, struggles with substance abuse, and recent diagnosis of bipolar disorder and depression. Appellant's counsel discussed these details during argument at sentencing and requested that Appellant be treated while in prison. (*See* N.T. Sentencing Hearing, 6/26/17, at 3-4). Beyond this, the court explicitly stated: "I'll accept [Appellant's apology] and the record should reflect that the presentence reports, between history, his upbringing—[Appellant] was diagnosed with bipolar. The court always looks for any kind of mitigation with respect to medical problems or other problems…." (*Id.* at 8). Thus, the record shows the court considered the mitigating factors but simply chose to impose a sentence greater than Appellant had hoped. Under these circumstances, we see no reason to disrupt the court's sentencing discretion. *See Shugars, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2022