tend any hearings below and participate as necessary.

Senior Judge Platt shall forward his Report and Recommendations, detailing proposed findings of fact and conclusions of law, as soon as practicable. Upon the filing of the Report and Recommendation, Judge Solomon shall have twenty (20) days to lodge objections in this Court, if any. The Administrative Office of Pennsylvania Courts shall have fourteen (14) days from the date on which it is served with Judge Solomon's objections to file an answer.

Jurisdiction is retained.

The **PENNSYLVANIA WORKERS' COMPENSATION JUDGES PROFESSIONAL ASSOCIATION, Ada Guyton, Carl Lorine, Todd Seelig, Susan Kelley and Nancy Goodwin, Appellants**

v.

**EXECUTIVE BOARD OF the COMMONWEALTH of Pennsylvania, Governor Tom Corbett, George Greig, Michael Consedine, Sheri Phillips, Barry Schoch, Ronald Tomalis, Daniel Meuser and the Department of Labor and Industry of the Commonwealth of Pennsylvania, Appellees.**

Supreme Court of Pennsylvania.

May 21, 2013.

***ORDER***

PER CURIAM.

**AND NOW,** this 21st day of May, 2013, the order of the Commonwealth Court is **AFFIRMED.**

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Craig Matthew HECKMAN, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed April 15, 2013.

Reargument Denied June 21, 2013.

Michael T. Rakaczewski, Asst. Dist. Atty., Stroudsburg, for Commonwealth, appellant.

William K. Sayer, Norristown, for appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and LAZARUS, J.

OPINION BY STEVENS, P.J.

Appellant, the Commonwealth, appeals from the January 22, 2010 Order entered by the Court of Common Pleas of Monroe County which granted Appellee Craig Matthew Heckman's motion for *habeas corpus* and dismissed his criminal charges for failure to comply with registration requirements for sexual offenders [1] pursuant to Megan's Law.[2] For the following reasons, we reverse and remand for proceedings consistent with this decision.

The facts of this case are as follows:

> In a previous case, [Appellee] was convicted of unlawful contact with a minor, sentenced to a period of incarceration, and required to comply with the registration requirements of Pennsylvania's Megan's Law, 42 Pa.C.S.A. Section 9791 [*et seq.*], requiring him to inform the Pennsylvania State Police of his current, intended or change in residence. 42 Pa.C.S.A. Section 9795.2. Upon his release from prison, [Appellee] went to

---

1. 18 Pa.C.S.A. § 4915(a)(1).

2. 42 Pa.C.S.A. § 9791 *et seq.* Our Legislature amended Megan's Law II in 2004, which went into effect on January 24, 2005 (known as Megan's Law III). *Commonwealth v. Dem-* *mitt*, 45 A.3d 429 n. 1 (Pa.Super.2012). As Megan's Law III was effective when Appellant was charged, we will apply Megan's Law III in deciding this case.

live with his friend and employer, Barry Possinger, at Mr. Possinger's home on Tanite Road in Stroud Township, Monroe County, Pennsylvania, which has a mailing address of RR 2, Box 2059, Stroudsburg, Pennsylvania. [Appellee] registered Mr. Possinger's home as his residence.

[Appellee] lived with Mr. Possinger until sometime in October of 2009 when Mr. Possinger asked him to leave. At that time, Mr. Possinger packed up [Appellee's] personal belongings and left them for [Appellee] to pick up. From that point until [Appellee's] arrest in December of 2009, [Appellee] did not live with Mr. Possinger, although he still received mail at Mr. Possinger's home and continued to work with him. According to Mr. Possinger and the affidavit of probable cause sworn by the investigating officer, from the time Mr. Possinger asked him to leave until the date he was arrested, [Appellee] was living out of his vehicle, which at times was parked overnight on Mr. Possinger's property. [Appellee] did not advise the state police that he was no longer living at Mr. Possinger's home and did not register a new address.

Trial Court Opinion, 3/31/10, at 3–4 (some citations and footnote omitted).

On December 4, 2009, Appellee was arrested and charged with failure to comply with registration of sexual offender registration requirements in violation of Section 4915(a)(1) of the Crimes Code. At the preliminary hearing, the case was bound over for trial. Appellee subsequently filed a motion for *habeas corpus* relief and requested expedited disposition of the motion. Appellee cited *Commonwealth v. Wilgus*, 975 A.2d 1183 (Pa.Super.2009) (hereinafter *"Wilgus I"*), in which a panel of this Court held that, as a matter of first impression, a defendant's homeless existence precluded him from having a "residence" to register, change or verify within the meaning of Megan's Law. *Id.* at 1189. On January 22, 2010, the trial court issued an order granting Appellee's motion, citing *Wilgus I* as controlling authority. On appeal, this Court affirmed the trial court's order granting Appellee's *habeas* petition.

After the Commonwealth filed a Petition for Allowance of Appeal, the Supreme Court reversed this Court's decision in *Wilgus I. Commonwealth v. Wilgus*, 615 Pa. 32, 40 A.3d 1201, 1204 (2012) (hereinafter *"Wilgus II"*). The Supreme Court found that Megan's Law clearly requires all sexual offenders to inform the Pennsylvania State Police of their current and intended residences and notify the State Police within 48 hours of any change of residence. *Wilgus II,* 615 Pa. 32, 40 A.3d at 1206, 1208. Specifically, the Supreme Court held that Megan's Law contains "no exception for homeless offenders, and the Superior Court was incorrect in reading such an exception into the statute." *Id.* at 1208. As a result, the Supreme Court vacated the trial court's order in this case and remanded to this Court for reconsideration in light of its decision in *Wilgus II.*

In its brief, the Commonwealth raises the following issue for our review:

> Did the trial court err in granting the Appellee's *habeas corpus* motion for dismissal when he claimed that the evidence was insufficient to establish a prima facie case for failure to comply with registration requirements?

Commonwealth's brief at 4.

██ A criminal defendant may challenge the sufficiency of the evidence supporting the charges raised against him by filing a writ of *habeas corpus. Commonwealth v. Landis*, 48 A.3d 432, 444 (Pa.Super.2012). We review challenges to a trial court's decision to grant *habeas corpus*

relief in light of the following standard of review:

> When reviewing a trial court's decision to grant a *habeas corpus* petition, we will not reverse the trial court's decision absent a manifest abuse of discretion. In order to constitute an abuse of discretion, the record must disclose that the trial court exercised manifestly unreasonable judgment or based its decision on ill will, bias or prejudice. Furthermore, our scope of review is limited to determining whether the Commonwealth has established a *prima facie* case. In criminal matters, a *prima facie* case is that measure of evidence which, if accepted as true, would justify the conclusion that the defendant committed the offense charged.

*Commonwealth v. Ruby,* 838 A.2d 786, 788 (Pa.Super.2003) (citations omitted).

To overcome Appellee's motion, the Commonwealth was required to establish a *prima facie* case that Appellee failed to comply with the applicable sex offender registration requirements. At the time Appellant was charged, Pennsylvania Megan's Law provided the following registration requirements:

**§ 9795.2. Registration procedures and applicability**

(a) Registration.—

(1) Offenders and sexually violent predators shall be required to register with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional institution or upon the commencement of a sentence of intermediate punishment or probation. For purposes of registration, offenders and sexually violent predators shall provide the Pennsylvania State Police with all current or intended residences, all information concerning current or intended employment and all information concerning current or intended enrollment as a student.

(2) Offenders and sexually violent predators shall inform the Pennsylvania State Police within 48 hours of:

> (i) Any change of residence or establishment of an additional residence or residences.

42 Pa.C.S.A. § 9795.2. The statute defined "residence" as "a location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year." 42 Pa. C.S.A. § 9792.[3]

---

**3.** On December 20, 2011, our state Legislature amended Megan's Law to clarify the statutory definition of "residence":

> "Residence." With respect to an individual required to register under this subchapter, any of the following:
> (1) A location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year.
> (2) In the case of an individual who fails to establish a residence as set forth in paragraph (1), a temporary habitat or other temporary place of abode or dwelling, including, but not limited to, a homeless shelter or park, where the individual is lodged.
> 42 Pa.C.S.A. § 9792.

Further, the Legislature also amended the statutory language with respect to the re-

quirement that registrants notify the police of a change in residence:

> Offenders and sexually violent predators shall inform the Pennsylvania State Police within 48 hours of:
> (i) Any change of residence or establishment of an additional residence or residences. In the case of an individual who has a residence as defined in paragraph (2) of the definition of "residence" set forth in section 9792 (relating to definitions), the individual shall inform the Pennsylvania State Police of the following:
> > (A) the location of a temporary habitat or other temporary place of abode or dwelling, including a homeless shelter or park, where the individual is lodged;
> > (B) a list of places the individual eats, frequents and engages in leisure activities

The Commonwealth claims Appellee failed to comply with his registration requirements when he changed his residence and did not inform the Pennsylvania State Police within 48 hours as required by Section 9795.2. More specifically, the Commonwealth argues that, although Appellee received mail at Mr. Possinger's home and occasionally slept in his vehicle on the property, Appellee did not "reside" there according to the statutory definition in Section 9792.

This case is similar to the facts of *Wilgus II*, in which Wilgus, a convicted sex offender subject to Megan's Law registration, initially reported an address in Harrisburg to prison authorities as his residence where he intended to live upon his release from prison. *Wilgus II*, 615 Pa. 32, 40 A.3d at 1202. After finding no apartments were available at that address, Wilgus began living on the street as the homeless shelter did not accept Megan's Law registrants. However, a local soup kitchen arranged to accept Wilgus's mail and gave Wilgus a locker for his belongings. Wilgus neglected to tell the State Police that he was not residing at the address he had initially reported. Wilgus was charged with failing to register under Megan's Law when a detective attempted to locate him at the address he had reported and discovered Wilgus never resided there.

Our Supreme Court held that Wilgus violated his registration requirements when he failed to notify police of a change in his residence when he no longer intended to live in the residence he had last reported. *Id.* at 1208. As noted above, the Court emphasized that Megan's Law registration requirements do not contain an exception for homeless offenders. *Id.* See also *Commonwealth v. Moreno*, 14 A.3d 133 (Pa.Super.2011) (finding sufficient evidence to support Moreno's conviction for failing to provide accurate information in registering when he did not actually live at the residence he registered, but lived on porches and in alleyways in the same vicinity).

█ Likewise, in this case, we find the Commonwealth presented a *prima facie* case that Appellee failed to properly register a change in his residence. Like the defendant in *Wilgus II*, Appellee is a convicted sex offender who initially registered an address with the State Police for Megan's Law purposes but later became homeless. The parties agree that Appellee intended to live at Mr. Possinger's home upon his release from prison and properly reported this address to the State Police. After Mr. Possinger asked Appellee to leave the residence and packed up his personal belongings, Appellee claimed that he began to live in his vehicle which was only occasionally parked overnight near Mr. Possinger's property. The evidence supports a reasonable inference that Appellant violated his registration requirements when he failed to notify the State Police that he was no longer living in the residence that he had last reported.

and any planned destinations, including those outside this Commonwealth; and (C) the place the individual receives mail, including a post office box.

The duty to provide the information set forth in this subparagraph shall apply until the individual establishes a residence as defined in paragraph (1) of the definition of "residence" set forth in section 9792. If the individual who has a residence as defined in paragraph (2) of the definition of "residence" set forth in section 9792 changes or adds to the places listed in this subparagraph during a 30–day period, the individual shall list these when re-registering during the next 30–day period.

42 Pa.C.S.A. § 9795.2(a)(2)(i) (amended December 20, 2011). As noted above, Appellee was charged under the previous statute.

After reviewing the record, briefs, and applicable law, we conclude the trial court erred in granting Appellee's *habeas corpus* motion as the Commonwealth met its burden of establishing a *prima facie* case that Appellee failed to comply with registration requirements proscribed under 42 Pa. C.S.A. § 9795.2.

Order reversed and remanded. Jurisdiction relinquished.

Dissenting Statement by LAZARUS, J.

## DISSENTING STATEMENT BY LAZARUS, J.

I respectfully dissent. The evidence presented by the Commonwealth, if accepted as true, does not prove that Heckman violated section 9795.2 of Megan's Law (Law),[1] a provision that requires sexual offenders inform the state police within 48 hours of any change in residence. Unlike the majority, I believe that there are significant factual distinctions between *Wilgus II* and the instant case that compel this Court to affirm the trial court's order. Moreover, a fair reading of the relevant statutory provisions and the remedial purpose behind the registration requirements of the Law further supports my opinion today.

In *Wilgus II,* the defendant never lived at the address he provided authorities upon his release from prison and failed to notify the police where he was residing when he was unable to secure housing at that registered address. Heckman, on the other hand, actually resided in the home[2] that he registered with authorities upon his release from prison[3] and, even after he moved out of the house and was living out of his car (which contained his personal belongings), often parked his vehicle overnight on the registered property, continued to receive his mail at the registered address, and also continued to work with his friend, the owner of the registered property. *Compare Commonwealth v. Moreno,* 14 A.3d 133 (Pa.Super.2011) (defendant found in violation of Megan's Law registration provision where he slept on porches and in alleyways near registered address, owners of registered address were not aware of defendant's presence, and defendant never lived at registered address any time after release from prison).

The Commonwealth's criminal complaint alleges that Heckman had physically moved out of his friend's house (the address he registered for purposes of complying with Megan's Law registration provisions) and was living out of his van in the jurisdiction at the time of his arrest. However, in effect, Heckman never changed his "residence" as is defined in section 9792(2). Rather, all evidence points to the legal conclusion that he continued to reside, for purposes of Megan's Law, at his friend's address—the location where he often parks his car overnight and where he admittedly receives his mail.

---

1. *See Commonwealth v. Kohlie,* 811 A.2d 1010 (Pa.Super.2002) *(prima facie* case in criminal matter proven when measure of evidence, if accepted as true, would justify conclusion that defendant committed offense charged).

2. The record is not clear as to exactly when Heckman moved in with his friend. However, the friend testified at the *habeas* hearing that Heckman slept in a bedroom in his home, where he also kept his personal belongings, sometime in 2009 until October 2009.

N.T. Preliminary Hearing, 12/9/2009, at 5–6. While living there, Heckman helped out around the house. *Id.* at 6.

3. *Compare Commonwealth v. Demmitt,* 45 A.3d 429 (Pa.Super.2012) (post-*Wilgus II* case where homeless defendant found in violation of Law's registration requirements for not registering any address upon release from prison).

*See* 42 Pa.C.S.A. § 9795.2(a)(2)(i)(C). If not his friend's address, then what would be considered Heckman's "new residence" for registration purposes under the Act? [4] Until the legislature includes one's car as a "residence" under section 9792, logic dictates that Heckman's current registered address is the most reliable location that serves the remedial purpose of the Law's registration requirements of helping law enforcement agencies keep tabs on sexual offenders. *Commonwealth v. Fleming*, 801 A.2d 1234, 1239 (Pa.Super.2002) (citing *Commonwealth v. Gaffney*, 702 A.2d 565, 570 (Pa.Super.1997)).

It was the Commonwealth's burden to present sufficient evidence to make a *prima facie* showing that Heckman had changed his residence (and, presumably was residing somewhere else) under section 9795.2. This, it failed to do. Accordingly, I would affirm the trial court's order granting Heckman's petition for *habeas corpus* relief that dismissed the charges brought against him. The trial court's order does not represent a manifest abuse of discretion. *Kohlie, supra.*