J-S12002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1199 MDA 2017 |
| MATTHEW ALLEN PLESKONKO | : | |

Appeal from the Order Entered June 30, 2017
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000395-2017

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 23, 2018**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Centre County, granting Matthew Allen Pleskonko's petition for writ of habeas corpus and dismissing the charges filed against him under 18 Pa.C.S.A. § 6105(a)(1) (persons not to possess firearms).  Upon careful review, we affirm based upon the opinion authored by the Honorable Katherine V. Oliver.

On January 25, 2017, Pennsylvania State Police responded to a report of a domestic dispute between Pleskonko and his wife at their home in Philipsburg, Centre County.  Dispatch informed the troopers that there were firearms in the home and that one of the parties (Pleskonko) had a lawfully issued, non-expiring protection from abuse ("PFA") order from New Jersey. During the course of the investigation, Pleskonko admitted to the troopers

that he was the subject of a New Jersey PFA. The troopers found three rifles, four shotguns, and one revolver at the residence. After obtaining a copy of the New Jersey PFA, the troopers took Pleskonko into custody and filed a criminal complaint charging him with eight counts of persons not to possess firearms.[1] Pleskonko waived his preliminary hearing, but the parties agreed that he could nonetheless file a petition for writ of habeas corpus.

A criminal information was filed on April 5, 2017; Pleskonko waived arraignment. On April 12 2017, the Commonwealth moved to amend the criminal information to reflect that Pleskonko is prohibited from possessing a firearm due to the active PFA against him. The court granted the motion on April 17, 2017. That same date, Pleskonko filed a petition for writ of habeas corpus[2] alleging that the Commonwealth failed to establish a *prima facie* case to support the charges against him because section 6105 does not criminalize the possession of a firearm by someone subject to an out-of-state PFA. After a hearing and review of the parties' memoranda of law, the court granted Pleskonko's petition and dismissed the charges against him.

_____

[1] The complaint was subsequently amended to correct improper grading and to add an additional count of persons not to possess firearms.

[2] We note that the appropriate procedural means by which an accused may challenge the sufficiency of the Commonwealth's evidence at the pre-trial stage is a petition for a writ of habeas corpus. *See Commonwealth v. Huggins*, 836 A.2d 862, 868 n.2 (Pa. 2003). When a charge is dismissed on a pre-trial writ of habeas corpus, the Commonwealth may appeal. *Id.*

This timely appeal follows, in which the Commonwealth raises the following issue for our consideration:

> Did the trial court err in granting [Pleskonko's] [p]etition for [w]rit of [h]abeas [c]orpus because [Pleskonko] was not permitted to possess a firearm under 18 Pa.C.S.A. § 6105(a)(1)?

Brief of Appellant, at 4.

We begin by noting our standard and scope of review when reviewing a trial court's decision to grant a habeas corpus petition:

> [W]e will not reverse the trial court's decision absent a manifest abuse of discretion. In order to constitute an abuse of discretion, the record must disclose that the trial court exercised manifestly unreasonable judgment or based its decision on ill will, bias or prejudice. Furthermore, our scope of review is limited to determining whether the Commonwealth has established a *prima facie* case. In criminal matters, a *prima facie* case is that measure of evidence which, if accepted as true, would justify the conclusion that the defendant committed the offense charged.

***Commonwealth v. Heckman***, 66 A.3d 765, 767–68 (Pa. Super. 2013), quoting ***Commonwealth v. Ruby***, 838 A.2d 786, 788 (Pa. Super. 2003) (citations omitted). The evidentiary sufficiency of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary. ***Commonwealth v. Karetny***, 880 A.2d 505, 513 (Pa. 2005).

Here, Pleskonko was charged under section 6105 of the Crimes Code, which provides, in relevant part, as follows:

> (a) Offense defined.--

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

. . .

(b) Enumerated offenses.--The following offenses shall apply to subsection (a):

[Enumerating specific offenses]

Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

(c) Other persons.--In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

. . .

(6) A person who is the subject of an active protection from abuse order issued pursuant to 23 Pa.C.S. § 6108, which order provided for the relinquishment of firearms during the period of time the order is in effect. This prohibition shall terminate upon the expiration or vacation of an active protection from abuse order or portion thereof relating to the relinquishment of firearms.

. . .

(g) Other restrictions.--Nothing in this section shall exempt a person from a disability in relation to the possession or control of a firearm which is imposed as a condition of probation or parole or which is imposed pursuant to the provision of any law other than this section.

18 Pa.C.S.A. § 6105(a)-(c), (g).

In arguing before the trial court, Pleskonko noted that subsection (b), which enumerates specific underlying offenses which preclude ownership of firearms under subsection (a), contains a catch-all provision imposing criminal liability for "[a]ny offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States." 18 Pa.C.S.A. § 6105(b). Conversely, Pleskonko noted that subsection (c)(6), barring firearms ownership by those subject to an active Pennsylvania PFA, contains no such catch-all provision. Citing the rule of statutory interpretation that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion," **Russello v. United States**, 464 U.S. 16, 23 (1983), Pleskonko argued that the legislature intentionally omitted to impose liability for subjects of foreign PFAs. Pleskonko also relied on the rule of lenity, which requires that penal statutes be strictly construed, **see** 1 Pa.C.S.A. § 1928(b)(1), with the accused receiving the benefit of the doubt.

In response, the Commonwealth argued that, although subsection (c)(6) references only the Pennsylvania PFA statute, subsection (g) acts as a catch-all provision and covers "any law," including foreign PFA statutes. The Commonwealth further asserted that Pleskonko's narrow interpretation of section 6105 is contrary to the legislature's intent in enacting the statute, which was to keep its citizens safe from gun violence. Finally, the

Commonwealth claimed that the exclusion of foreign PFAs from the reach of section 6105 violates the principle of comity between the states.

The trial court agreed with Pleskonko's interpretation of section 6105 and dismissed the charges against him. We have reviewed the record and the briefs submitted by the parties in this matter and conclude that Judge Oliver's excellent opinion thoroughly, comprehensively and correctly disposes of the Commonwealth's claim. In particular, we note our agreement with Judge Oliver's determination that subsection (g) does not function as a catch-all provision. Rather, the plain language of that subsection establishes that, "even in cases where a person makes successful application for exemption from weapons prohibitions imposed by section 6105, that exemption is not broad enough to lift firearms prohibitions imposed by probation or parole orders, or laws other than Crimes Code section 6015." Trial Court Opinion, 9/28/17, at 5. Accordingly, we affirm on the basis of Judge Oliver's opinion and instruct the parties to attach a copy in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/18



# IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL ACTION-LAW

COMMONWEALTH OF PENNSYLVANIA    :    2017-0395

    :

    v.    :

    :

MATTHEW ALLEN PLESKONKO,    :

    Defendant    :

*Attorney for the Commonwealth:*    *Amanda K. Chaplin, Esq.*
*Attorney for Defendant:*    *Shannon Malone, Esq.*

Oliver, J.

## 1925(a) Opinion

### I. PROCEDURAL BACKGROUND

This case involves nine misdemeanor charges under 18 Pa.C.S. § 6105, persons not to possess firearms. Defendant filed a habeas petition on April 17, 2017, demanding dismissal of the charges on the basis that Defendant's underlying conduct is not criminal conduct under 18 Pa.C.S. § 6105. The Court heard argument on May 11, 2017, and both Parties submitted briefs in support of their respective positions. By Order dated, June 30, 2017,[1] the Court granted Defendant's Petition, having concluded that possession of a firearm in violation of an order issued pursuant to another state's protection from abuse statute was not a violation of section 6105 of the Pennsylvania Crimes Code. (*See* Order dated June 30, 2017).

---

[1] An amended Order was entered on July 3, 2017 to correct the Defendant's first name, which had been incorrectly designated in the first Order.

O ☐ RD ☐ S

The Commonwealth filed a timely Notice of Appeal on July 27, 2017. A 1925 Order was entered on August 2, 2017, and the Commonwealth filed its 1925(b) statement on August 23, 2017. The Court issues the within Opinion pursuant to Pa.R.A.P. 1925(a).

## II. FACTS

The pertinent facts in this matter are not in dispute. Defendant is charged with unlawfully possessing firearms on January 25, 2017. Defendant concedes that he is subject to a final protection from abuse order entered on January 3, 2005 in the State of New Jersey pursuant to that state's Prevention of Domestic Violence Act. (*See* Transcr., May 11, 2017 Hr'g, C.W. Exh. 1) (the "New Jersey Order"). The New Jersey Order expressly prohibits Defendant from possessing any and all firearms or other weapons. (*See id.* ¶ 10). The New Jersey Order does not include a set expiration date, and remains in place unless and until changed by a subsequent order of court. (May 11, 2017 Hr'g Tr. at 4-5 and C.W. Exh. 1). As of the time of the conduct at issue, the New Jersey Order had been in place for approximately twelve years.

## III. ANALYSIS

Section 6105 of the Pennsylvania Crimes Code provides, in pertinent part, as follows:

> **(a) Offense defined.--**
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa. C.S. § 6105(a)(1). Subsection (b) lists thirty-eight specific Pennsylvania Crimes Code offenses that trigger firearms disqualifications. In addition to those thirty-eight enumerated offenses, subsection (b) provides that "any offense equivalent to any of the [ ] enumerated offenses under the statutes of any other states . . . " are included as triggering the firearms disqualifications of subsection (a)(1). *See id.* § 6105(b). Thus, subsection (b) defines firearms

2

disqualifications based on convictions for certain Pennsylvania crimes and convictions for the equivalent of those crimes ("equivalent offenses") under any other state statute.

Subsection (c) of section 6105 lists persons prohibited from possessing firearms based on specified conduct. *Id.* § 6105(c). Paragraph (6) of that subsection defines one of these categories of persons as follows:

> **(c) Other persons.**--In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
> . . .
>
> (6) A person who is the subject of an active protection from abuse order issued pursuant to 23 Pa.C.S. § 6108, which order provided for the relinquishment of firearms during the period of time the order is in effect. This prohibition shall terminate upon the expiration or vacation of an active protection from abuse order or portion thereof relating to the relinquishment of firearms.

*Id.* § 6105(c)(6).

In considering the Commonwealth's argument in the case at bar, the provisions of subsection 6105 (g) must also be considered. Subsection 6105 (g) provides:

> **(g) Other restrictions.**--Nothing in this section shall exempt a person from a disability in relation to the possession or control of a firearm which is imposed as a condition of probation or parole or which is imposed pursuant to the provision of any law other than this section.

18 Pa. C.S. § 6105(g).

Defendant in the instant case is charged with violating section 6105 of the Crimes Code based on subsection (c)[2] of the Pennsylvania statute and on the weapons prohibitions included in the New Jersey Order. At oral argument and in his brief, Defendant argued that, looking at the plain language of section 6105, it is clear that his alleged conduct in possessing firearms is not prohibited by this section of the Pennsylvania Crimes Code. (*See* Def's Memo., filed 6-15-17, at 2). Defendant maintains that his argument is bolstered by the well-established rule of statutory construction that when the legislature includes language in one section of a statute and omits that language from other sections, it is presumed that the legislature intended the "disparate inclusion

---

[2] The Commonwealth agrees that this is not a case involving enumerated offenses under subsection (b).

3

or exclusion" in the various sections. (*See id.*, citing *Russell v. United States*, 464 U.S. 16, 23 (1983)). Finally, Defendant also contends that, to the extent any ambiguity in the statutory language exists, that ambiguity must be resolved in Defendant's favor under the rule of lenity. (*Id.* at 4).

This Court agrees, based on a plain language interpretation of the statute, that Defendant's alleged conduct in this case is not prohibited conduct under section 6105 of the Pennsylvania Crimes Code. In defining the subsection (c) prohibition in terms of an active protection from abuse order that includes weapons restrictions, subsection 6105(c) specifically qualifies that the underlying protection from abuse order must be issued pursuant to *Pennsylvania's* Protection From Abuse Act, 23 Pa.C.S. 6108. Section 6105(c)(6) begins: "A person who is the subject of an active protection from abuse order *issued pursuant to 23 Pa.C.S. § 6108 . . .*". 18 Pa. C.S. 6105(c) (emphasis added). 23 Pa.C.S. § 6108 is part of *Pennsylvania's* Protection From Abuse Act, 23 Pa. C.S. § 6101, *et seq.* The Court concludes that the specific reference to the Pennsylvania statute shows an intent to limit the scope of the prohibition to violations of orders entered under that statute. Moreover, unlike subsection (b) pertaining to enumerated offenses, subsection (c) does not contain catchall language to include persons subject to protection from abuse act orders entered in other states under equivalent statutes in those states. Thus, it is clear from the language and structure of section 6105 that weapons prohibitions thereunder stemming from abuse act orders must be based on the Pennsylvania Protection From Abuse Act.[3]

The Court was not persuaded by the Commonwealth's argument that subsection 6105(g) must be read as a catchall to sweep violations of any other state's protection from abuse orders under the umbrella of Pennsylvania Crimes Code section 6105. As noted above, section 6105(g) provides:

> **(g) Other restrictions.**--Nothing in this section shall exempt a person from a disability in relation to the possession or control of a firearm which is imposed as a condition of probation or parole or

---

[3] The Court finds this interpretation further supported by the provision in section 6105(c)(6) that the weapons prohibition of that subsection terminates on expiration of the underlying protection from abuse act order. In the instant case, both Parties agree that the New Jersey Order, in place for approximately twelve years as of the time of Defendant's alleged conduct, is a "non-expiring order" with the potential to prohibit Defendant from possessing firearms indefinitely. Under Pennsylvania law, the maximum term of a protection from abuse act order is three years. 23 Pa. C.S. § 6108(d). The fact that protection from abuse statutes are not uniform throughout this country may have been one reason the legislature did not include language in 6105(c)(6) analogous to the "equivalent offense" language found in § 6105(b).

4

> which is imposed pursuant to the provision of any law other than
> this section.

18 Pa.C.S. § 6105(g). Although the Court agrees that subsection (g) is not limited in its application to further defining subsection (f), the Court does not agree that subsection (g) can reasonably be construed as a catchall as urged by the Commonwealth. Read in the context of the overall structure of section 6105, the Court concludes that the plain language of subsection (g) is intended to convey that, even in cases where a person makes successful application for exemption from weapons prohibitions imposed by section 6105, that exemption is not broad enough to lift firearms prohibitions imposed by probation or parole orders, or laws other than Crimes Code section 6105.[4]

The Court was also unpersuaded by the Commonwealth's arguments predicated on legislative intent and principles of comity. The Commonwealth contends that both of these factors support its sweeping interpretation of subsection 6105(g). The Commonwealth argues that the Pennsylvania legislature, in enacting section 6105, showed concern over danger posed by individuals who violate another state's laws resulting in a weapons disability in the foreign state. (*See* C.W. Memo., filed 6-15-17, at 7). Contrary to the Commonwealth's argument, however, unlike subsection 6105(b), the express provisions of subsection 6105(c) do not include an "equivalent offense" or analogous provision as a barrier to possessing a firearm in Pennsylvania. As discussed above, the "equivalent offense" language is included in subsection (b), but is notably omitted from subsection (c). Accordingly, the plain language of the statute arguably shows an intent on the part of the legislature that violations of weapons provisions in a foreign state's abuse act orders *not* be deemed criminal behavior under the Pennsylvania Crimes Code. In this same vein, the Court was unpersuaded by the argument that section 6105 must be read broadly to encompass violations of foreign protection from abuse orders so as to effectuate the General Assembly's intent to protect Pennsylvania citizens against gun violence. If such a sweeping interpretation of section 6105 was required to effectuate that intent, the General Assembly could easily have included "equivalent offense" or similar language in subsection (c),

---

[4] Section 6105(g) appears to contemplate the situation in which a prohibition exists under section 6105 and also, independently, under another order or statute. In that case, the fact that section 6105 would allow for exemption to remove the section 6105 disability in a particular case would not also remove the disability based on the other order or statute.

5

or defined the class of persons and conduct in subsection (c)(6) without specific reference to Pennsylvania's Protection From Abuse Act.

Furthermore, contrary to the Commonwealth's arguments, concluding that the New Jersey Order cannot serve as the basis of a firearms disqualification under section 6105 of the Pennsylvania Crimes Code is not equivalent to deeming Defendant's conduct in allegedly violating the New Jersey Order lawful. Presumably, Defendant could be subject to criminal prosecution in New Jersey for violation of the New Jersey Order. Likewise, concluding that Pennsylvania's Crime Code does not encompass the conduct at issue in this case is not equivalent to failing to recognize and enforce a valid foreign protection order. This is not a case involving contempt charges or a case seeking to otherwise enforce the New Jersey Order. This is a criminal case in Pennsylvania alleging a violation of Pennsylvania's Crimes Code.

Finally, the Court rejected the proposition that 6105(g) is analogous to the catchall provisions of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq.*, ("UTPCPL"), and that the subsection heading "other restrictions" evidences that subsection (g) was intended to vastly enlarge the scope of conduct criminalized by section 6105. The UTPCPL sets forth an enumerated list of categories of conduct that is proscribed under that statute, followed by a catchall category, clearly stated as such, as the last enumerated item. *See id.* § 201-2(4)(xxi) ("[e]ngaging in any other fraudulent or deceptive conduct . . . "). Had the legislature intended to include a catchall weapons disqualifications category in section 6105, it could have employed this same structure to clearly provide notice of the conduct deemed criminal. As for the "other restrictions" heading in section 6015(g), this Court concluded that, in the context of the overall section, this heading references the limitation on exemptions from disability permitted by section 6105. As a final note, in addition to concluding that the Commonwealth's statutory interpretation arguments are unpersuasive, the Court concludes that interpreting subsection (g) in the sweeping manner urged by the Commonwealth would run afoul of the rule of lenity and fundamental principles of fairness. *See Sondergaard v. PennDOT*, 65 A.3d 994, 997 (Commw. Ct. 2013).

In sum, the Court determined that the plain language of section 6105, as well as well-established rules of statutory construction, militate against the broad interpretation urged by the Commonwealth. Based on the plain language of the statute, the Court agreed that, as a matter of

6

law, the alleged conduct giving rise to the charges in this case is not criminal conduct under 18 Pa.C.S. § 6105. This Court respectfully submits that its decision was not in error.

BY THE COURT:

Date: _9-28-17_

_____
Katherine V. Oliver, Judge

7