J-S88011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUSTIFA RANDALL, | |
| Appellant | No. 3004 EDA 2014 |

Appeal from the Judgment of Sentence of September 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002222-2012

BEFORE:  OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 13, 2017**

Appellant, Mustifa Randall, appeals from the judgment of sentence following his jury trial convictions for attempted murder and possessing an instrument of crime (PIC).[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On November 29, 2011, Appellant and Quir Randall (Appellant's brother and co-defendant) had a verbal altercation with Michael Brunetti on Oakmont Street in Philadelphia.  Michael's brother, Sal (the victim), arrived on the scene to confront Appellant and Randall.  Michael took off his shirt and put his hands in the air to indicate that he did not have a weapon. Eyewitnesses testified that Appellant and Randall raised firearms, charged

_____

[1]   18 Pa.C.S.A. §§ 2502 (murder), 901 (attempt), and 907 (PIC), respectively.

*Retired Senior Judge assigned to the Superior Court.

towards Michael and the victim, and fired seven to eight shots in total. The victim was shot in the back of the head, remained unconscious for four months, and suffered brain damage and partial paralysis.

Following a trial on April 24, 2014, a jury convicted Appellant of the aforementioned crimes. On September 25, 2014, the trial court sentenced Appellant to nine to 18 years of imprisonment for attempted murder and a consecutive term of five years of probation for PIC. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

    I.    Was there sufficient evidence at trial to support the
          finding of guilt to the charge of [a]ttempted [m]urder?

Appellant's Brief at 3.

"Appellant argues that the Commonwealth did not prove that he was the one who fired the shots that struck the [victim]." *Id.* at 8. He further contends that, "[n]ot a single Commonwealth witness testified that they ever

---

[2]   Appellant filed a notice of appeal on October 21, 2014. On November 17, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant, however, failed to do so. On January 26, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) finding all of Appellant's issues waived for failing to file a concise statement. On July 13, 2015, Appellant filed a petition for limited remand to file a concise statement. By order entered on August 5, 2015, we granted relief and remanded the matter for the filing of a concise statement and supplemental Rule 1925(a) opinion. Appellant filed a concise statement on August 19, 2015. The trial court issued a supplemental Rule 1925(a) opinion on September 18, 2015.

saw either Appellant or his [co-defendant] brother point and fire a gun at a vital part of either Michael['s] or [the victim's] body." **Id.** at 9. Thus, "Appellant argues that the Commonwealth's evidence failed to establish beyond a reasonable doubt that he possessed the specific intent to kill [or that he should] be held liable for the actions of his co-defendant under a theory of accomplice liability." **Id.** at 8.

Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Scott**, 146 A.3d 775, 777 (Pa. Super. 2016) (citation omitted).

A person commits criminal attempt "when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward

- 3 -

the commission of that crime." 18 Pa.C.S.A. § 901(a). Murder or "a criminal homicide […] is committed by an intentional killing." 18 Pa.C.S.A. § 2502(a).[3] "[T]he firing of a bullet in the general area in which vital organs are located can in and of itself be sufficient to prove specific intent to kill beyond a reasonable doubt." *Commonwealth v. Manley*, 985 A.2d 256, 272 (Pa. Super. 2009). "[P]oor aim does not constitute a lack of malice." *Id.* "The offense of attempt to kill is completed by the discharging of a firearm at a person with the intent to kill, despite the fortuitous circumstances that no injury is suffered." *Commonwealth v. Mapp*, 335 A.2d 779, 781 (Pa. Super. 1975) (necessary intent found for attempted murder where defendant shot at victim and missed).

Viewing the evidence in the light most favorable to the Commonwealth, as our standard requires, we conclude there was sufficient evidence to convict Appellant of attempted murder. Christina Brunetti testified that Appellant shot towards the victim's head, but missed. N.T., 4/21/2014, at 173-174. Jahilil Blount testified that Appellant came running toward Michael (who was unarmed), pointed a gun, and started shooting.

_____

[3] There can be no attempt to commit second- or third-degree murder. *See Commonwealth v. Griffin*, 456 A.2d 171, 177 (Pa. Super. 1983) ("While a person who only intends to commit a felony may be guilty of second degree murder if a killing results, and a person who only intends to inflict bodily harm may be guilty of third degree murder if a killing results; it does not follow that those persons would be guilty of *attempted* murder if a killing did not occur."). "[I]n order to convict a person of attempted murder, an intent to kill must be shown." *Id.* at 178.

N.T., 4/15/2014, at 195-196. Appellant fired multiple shots. *Id.* at 197-198. Michael testified that both Appellant and co-defendant pointed firearms directly at him and fired multiple shots. N.T., 4/16/2014 at 43-45. More specifically, while narrating the surveillance video entered into evidence at trial, Michael testified: "I seen [Appellant] walk up the street with the gun in his hand. I seen him -- he was like literally in your face with the gun." *Id.* at 78. Jessica Serrano also identified Appellant as the first person to start shooting at Michael. N.T., 4/17/2016, at 13-14, 79, 82.

Here, there was evidence that Appellant fired multiple shots at both Michael and the victim. Furthermore, there was evidence that despite there being no actual injury to Michael, Appellant aimed a firearm at Michael's head while running towards him firing the weapon. Discharging a firearm in the direction of an individual's head, where a vital organ (the brain) is located, is sufficient to prove specific intent to kill beyond a reasonable doubt. Based upon all of the foregoing, we discern there was sufficient evidence to support Appellant's conviction for attempted murder.

Moreover, despite the trial court's analysis under theories of accomplice liability and transferred intent, "we may uphold a decision of the trial court if there is any proper basis for the result reached." *Commonwealth v. Rosser*, 135 A.3d 1077, 1087 (Pa. Super. 2016).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017