J. S34045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1915 MDA 2019 |
| | : | |
| JOSE E. CRUZ | : | |

Appeal from the Order Entered October 21, 2019,
in the Court of Common Pleas of Schuylkill County
Criminal Division at No. CP-54-CR-0000748-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 22, 2020**

The Commonwealth appeals the October 21, 2019 order, entered in the Court of Common Pleas of Schuylkill County, granting, in part, and denying, in part, Jose E. Cruz' petition for writ of ***habeas corpus***.[1]  After careful review, we affirm the order.

The facts, as summarized by the trial court, are as follows:

> On March 18, 2019, at 12:40 a.m., a dispatch went out reporting that a male was attempting to force his way into the residence at 507 Mahantongo Street in the City of Pottsville and that a shot had been fired. Corporal [Charles] Webber and Officers [Michael] Messner and [Cory] Rainis responded to the scene. Troopers [Christopher] Rooney and [Michael] Pahira

---

[1] The Commonwealth's appeal is proper because it has complied with Pa.R.A.P. 311(d) (permitting the Commonwealth to appeal "from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

also heard the dispatch and went to the scene to assist, arriving shortly after the Pottsville officers.

When the officers approached the residence, they saw Cruz standing on the front porch. He was told to raise his hands and not to try entering the residence. Instead, he walked down from the porch and crossed the street, entering the side yard of the residence which was bordered by a low wrought iron fence. As he crossed the street, the officers were directing him to get his hands up where they could see them, but he kept his hands down by his side.

As he entered the yard, Cruz pulled out a handgun, pointed at his own head, and pulled the trigger. It failed to fire. As Cpl. Webber was yelling to Cruz not to do it, Cruz pulled the gun down and manipulated the slide, trying to rack a round. As he tried to manipulate the slide on the gun, he was hit by a Taser fired by Officer Rainis, and he dropped to the ground.

Cruz was lying on the ground, on his side, with his feet pointing toward the officers, who were spread out on the pavement but outside the fence. Officer Rainis was activating the current from his Taser, which appeared to have immobilized Cruz's legs, but Cruz was still moving his arms and trying to rack the slide of his gun to chamber a round. He again began to raise the gun to his head, and Troopers Rooney and Pahira shot their Tasers at Cruz.

The Tasers were not blocking out the movement of Cruz's upper body. Cruz continued trying to manipulate the slide on his gun. The slide was locked to the rear, and the gun could not be fired with the slide in that position. Cruz then moved his left hand on top of the gun, extended the firearm and began sweeping it toward Tpr. Rooney. The trooper only had his Taser out. The fence in front of him offered no real cover, and he was defenseless.

As Tpr. Rooney described it, Cruz was at the 12 o'clock position, and Tpr. Rooney at 6 o'clock. Cruz was sweeping the muzzle of his gun from twelve toward

six. When it reached the 4 o'clock position, Tpr. Rooney dropped to the ground and yelled to the other officers to fire because Cruz was pointing the gun at him. Cpl. Webber and Officer Messner both fired their weapons.

Cruz was struck twice. The officers called for an ambulance and treated his wounds until medical personnel arrived.

Trial court opinion, 10/21/19 at 1-3 (abbreviations in original).

After a preliminary hearing on April 24, 2019, Cruz was held for court on numerous charges stemming from the March 18, 2019 incident. On May 13, 2019, a criminal information was filed charging Cruz with the following criminal offenses:

Count 1: criminal attempt to commit criminal homicide of a law enforcement officer;

Counts 2-6: assault of a law enforcement officer;

Counts 7-11: aggravated assault of a police officer;

Counts 12-16: aggravated assault with a deadly weapon;

Count 17: person not to possess firearm;

Count 18: firearms not to be carried without a license;

Count 19: possession with intent to deliver a controlled substance;

Count 20: possessing instruments of crime;

Count 21: resisting arrest;

Count 22-26: recklessly endangering another person;

Counts 27-31: criminal attempt to commit simple assault; and

Count 32: possession of a controlled substance.[2]

**See** criminal information,[3] 5/13/19.

Cruz filed a petition for writ of **habeas corpus** on July 25, 2019. On October 21, 2019, the trial court granted the motion in part, and dismissed Counts 1 through 16 and 27 through 31. The motion was denied as to Counts 23 to 26. The remaining counts were unaffected by the trial court's order. The same date, the Commonwealth appealed the October 21, 2019 order. The trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion, stating that it had addressed the issues raised in the Commonwealth's Rule 1925(b) statement in its opinion filed October 21, 2019.

The sole issue raised by the Commonwealth on appeal is:

Whether the [trial] court's dismissal of charges was a manifest abuse of discretion where the Commonwealth established a **prima facie** case for the charges of criminal attempt to commit murder of a law enforcement officer, aggravated assault of a

---

[2] 18 Pa.C.S.A. §§ 901(a) [2507(a)], 2702.1(a), 2702(a)(2), 2702(a)(4), 6105(a)(1), 6106(a)(1), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 907(b), 5104, 2705, 901(a) [2701(a)(2)], and 35 P.S. § 780-113(a)(16), respectively.

[3] On July 17, 2019, the trial court granted the Commonwealth's uncontested motion to amend the criminal information to correct the wording of Counts 2-6. The amended information was filed July 23, 2019.

police officer, and aggravated assault with a deadly weapon, and the court's resolution was contrary to the standards for analyzing the sufficiency of evidence to support a *prima facie* case?

Commonwealth's brief at 4 (full capitalization omitted).

Our scope of review of a trial court's decision to grant *habeas corpus* relief is as follows:

> When reviewing a trial court's decision to grant a *habeas corpus* petition, we will not reverse the trial court's decision absent a manifest abuse of discretion. In order to constitute an abuse of discretion, the record must disclose that the trial court exercised manifestly unreasonable judgment or based its decision on ill will, bias or prejudice. Furthermore, our scope of review is limited to determining whether the Commonwealth has established a *prima facie* case. In criminal matters, a *prima facie* case is that measure of evidence which, if accepted as true, would justify the conclusion that the defendant committed the offense charged.

*Commonwealth v. Heckman*, 66 A.3d 765, 768 (Pa.Super. 2013), *appeal denied*, 83 A.3d 414 (Pa. 2013). "[T]he Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." *Commonwealth v. Karetny*, 880 A.2d 505, 513 (Pa. 2005).

> A petition for writ of *habeas corpus* is the correct method for a defendant to test whether the Commonwealth has, before trial, established a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. In an effort to meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

> Proof beyond a reasonable doubt is not required at the *habeas* stage, but the Commonwealth's evidence must be such that, if accepted as true, it would justify a trial court in submitting the case to a jury. Additionally, in the course of deciding a *habeas* petition, a court must view the evidence and its reasonable inferences in the light most favorable to the Commonwealth. Suspicion and conjecture, however, are unacceptable.

*Commonwealth v. Predmore*, 199 A.3d 925, 928-929 (Pa.Super. 2018) (citations omitted), *appeal denied*, 208 A.3d 459 (Pa. 2019).

The Commonwealth claims that:

> The [trial] court exercised manifestly unreasonable judgment as demonstrated by the court's failure to view the evidence in the light most favorable to the Commonwealth and to give effect to reasonable inferences drawn from the evidence, in contravention of the standards for reviewing and analyzing the sufficiency of evidence to support a *prima facie* case.

Commonwealth's brief at 9-10. With respect to criminal attempt to commit criminal homicide of a law enforcement officer, the Commonwealth argues that Cruz "took a substantial step toward the commission of first-degree murder of a law enforcement officer when he racked the slide of his gun and pointed it at Trooper Rooney." (*Id.* at 11.) The Commonwealth contends that although Cruz initially wished to commit suicide, his intent "shifted to a homicidal intent when he decided to point his weapon at Trooper Rooney." (*Id.*)

A criminal attempt occurs when a person, "with intent to commit a specific crime, does any act which constitutes a substantial step toward the

commission of that crime." 18 Pa.C.S.A. § 901(a). "A person commits murder of a law enforcement officer of the first degree who intentionally kills a law enforcement officer while in the performance of duty knowing the victim is a law enforcement officer." 18 Pa.C.S.A. § 2507.

> In the case of attempted murder, "a person may be convicted if he takes a substantial step toward the commission of a killing with the specific intent in mind to commit such an act." *Commonwealth v. Dale*, 836 A.2d 150, 153 (Pa.Super. 2003) (citations omitted). The intent to kill must be shown. *Commonwealth v. Griffin*, 456 A.2d 171, 178 (Pa.Super. 1983). The firing of a bullet in the general area of vital organs can alone be sufficient to prove specific intent to kill. *See Commonwealth v. Manley*, 985 A.2d 256, 272 (Pa.Super. 2009). As this [c]ourt held in *Commonwealth v. Mapp*, 335 A.2d 779, 781 (Pa.Super. 1975), an attempted murder is completed by the discharge of a weapon at a person with intent to kill, even if no injury results.

*Commonwealth v. Markowski*, 2020 WL 3960358, *2 (Pa.Super. July 13, 2020) (unpublished memorandum).

> [A]ttempted murder is composed of two primary elements. The *mens rea* element of the offense is specific intent to kill, which is identical to the *mens rea* element of murder in the first degree. The *actus reus* element of the offense is the commission of one or more acts which collectively constitute a substantial step toward the commission of a killing.

*Commonwealth v. Predmore*, 199 A.3d 925, 929 (Pa.Super. 2018), *appeal denied*, 208 A.3d 459 (Pa. 2019).

In order to present a *prima facie* case that Cruz attempted to murder Trooper Rooney, the Commonwealth had to present evidence that Cruz had

- 7 -

the specific intent to kill the trooper and committed an act which constituted a substantial step toward that end. *See Commonwealth v. Blakeney*, 946 A.2d 645, 652 (Pa. 2008). Here, the trial court found that the Commonwealth did not present *prima facie* evidence that Cruz had the intent to kill Trooper Rooney.

> Cruz had made no statements expressing a desire to kill or even harm any of the officers. He had already tried to shoot himself at least once when he pointed the gun at his [appellant's] head and pulled the trigger. He was raising the gun again towards his head when he was [t]ased. Although [Trooper] Rooney could not see the slide as Cruz swept the gun in his direction, the slide was still back when Officer Messner picked up the gun to clear it. He testified that he had to clear a spent cartridge, and Cruz had not successfully fired the gun while the officers were present. The gun could not be fired with the slide in the rear position, a fact which does not support an intent to kill.

Trial court opinion, 10/21/19 at 8. We find the trial court did not abuse its discretion in granting Cruz' petition for writ of *habeas corpus* as to the charge of criminal attempt to commit criminal homicide of a law enforcement officer.

The Commonwealth next contends that it established a *prima facie* case of the aggravated assault of a police officer, 18 Pa.C.S.A. § 2702.1(a). The Commonwealth asserts that the elements of proof for aggravated assault of a police officer "are essentially the same as for criminal attempt to commit murder of a law enforcement officer," and "incorporates by reference its argument and reasoning" set forth in support of the latter. (Commonwealth's brief at 13 (extraneous capitalization omitted).) The Commonwealth further

contends that Cruz committed aggravated assault against Officers Messner and Rainis, Corporal Webber, and Trooper Pahira, based on the doctrine of transferred intent, because Cruz pointed the gun at Trooper Rooney. (**Id.**) The Commonwealth's arguments are without merit.

Pursuant to Section 2702.1 of the Pennsylvania Crimes Code, a person commits "assault of [a] law enforcement officer" when he "attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm." 18 Pa.C.S.A. § 2702.1(a).

> [I]n order for the Commonwealth to establish a **prima** [**facie**] **case** for the offense of assault of law enforcement officer . . . the Commonwealth is required to set forth evidence that: (1) the defendant attempted to cause, or intentionally or knowingly caused, bodily injury, (2) the victim was a law enforcement officer acting in the performance of his duty, (3) the defendant had knowledge the victim was a law enforcement officer, and (4) in attempting to cause, or intentionally or knowingly causing such bodily injury, the defendant discharged a firearm.

**Commonwealth v. Landis**, 48 A.3d 432, 445 (Pa.Super. 2012).

The Commonwealth presented no evidence that Cruz discharged his firearm. In fact, as noted by the trial court, when Officer Messner picked up the gun, he had to clear a spent cartridge, and the gun could not be fired with the slide in the rear position. (**See** trial court opinion, 10/21/19 at 8.) As the Commonwealth could not establish this crucial element of aggravated assault

of a police officer, the trial court properly granted **habeas corpus** relief as to these charges.

Lastly, the Commonwealth contends the trial court abused its discretion in not finding a **prima facie** case of aggravated assault with a deadly weapon, 18 Pa.C.S.A. § 2702(a)(4). The Commonwealth again asserts that the elements of proof for aggravated assault with a deadly weapon "are substantially the same as criminal attempt to commit murder of a law enforcement officer and aggravated assault of a police officer" and "incorporates by reference its argument and reasoning" set forth in support of those offenses. (Commonwealth's brief at 15 (extraneous capitalization omitted).) No further argument is advanced by the Commonwealth.

"A person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4). When, as here, the alleged victim does not sustain serious bodily injury, the Commonwealth must prove that the appellant acted with specific intent to cause serious bodily injury. **See Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa.Super. 2008), **appeal denied**, 959 A.2d 928 (Pa. 2008). The trial court found that the "Commonwealth's evidence [was] deficient regarding the specific intent to cause serious bodily injury for the same reasons it failed to prove intent to kill." (**See** trial court opinion, 10/21/19 at at 9.) We discern no abuse of

discretion on the part of the trial court in dismissing the charges of aggravated assault with a deadly weapon.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020